IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEM JOHNSON,** | : | **CIVIL ACTION NO. 1:24-CV-890** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BOOSE,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Raheem Johnson, alleges civil rights violations arising from the confiscation of several legal documents during his incarceration in the Camp Hill State Correctional Institution ("SCI-Camp Hill").  We have screened the complaint pursuant to 28 U.S.C. § 1915A and will dismiss it for failure to state a claim upon which relief may be granted.  Johnson will be granted leave to file an amended complaint.

### I. Factual Background & Procedural History

Johnson filed this case in the United States District Court for the Eastern District of Pennsylvania, raising two sets of distinct legal claims, one focused on civil rights violations arising out of the alleged mishandling of his diet during his incarceration at SCI-Chester, the other arising out of the alleged confiscation of some of his legal documents during his incarceration at SCI-Camp Hill.  (Doc. 3).  The Eastern District severed the claims arising from his time at SCI-Camp Hill from the other claims and transferred the SCI-Camp Hill claims to this district on May

22, 2024. (Docs. 1-2). The case proceeds in this district only as to Johnson's claims against the four defendants named with respect to his SCI-Camp Hill claims: defendants Boose, Baptiste, Heist, and Davis. (Id.) Johnson moved to transfer the case back to the Eastern District on July 11, 2024. (Doc. 9). By separate order on the date of this opinion, the court has denied this motion. The court now performs its mandatory screening of the complaint pursuant to 28 U.S.C. § 1915A.

According to the allegations in the complaint, Johnson was transferred from SCI-Chester to SCI-Camp Hill on February 21, 2023, on a writ to secure Johnson's presence at a court hearing. (Doc. 3 at 13). While at SCI-Camp Hill, Johnson's legal paperwork was confiscated so that it could be tested for contraband. (Id.)

The complaint asserts that the package of legal documents prison officials confiscated included a three-page affidavit from an individual named Chris Amin Gordy. (Id.) The complaint asserts that the affidavit is "part of plaintiff's freedom." (Id.) The complaint notes that Johnson's appeals of his criminal conviction were ongoing at the time and that Johnson "did not know if he could place that the three (3) page affidavit was exonerating him as there are other Affidavits that has [sic] come forward." (Id.) Johnson, knowing "that he had one (1) year, by law, to turn over the Affidavit to the attorney," engaged in "due diligence" to try to get a new affidavit from Gordy after the confiscation. (Id.) The complaint does not state whether Johnson obtained a new affidavit from Gordy. (Id.)

The complaint asserts that on March 23, 2023, a correctional officer in SCI-Chester called Johnson to the security office and asked him to sign a document attesting to the fact that three pages of his legal documents were confiscated, that

2

he was given a confiscation slip for the three pages, and that the remainder of the documents were returned to him on February 23, 2023. (Id. at 15-16). Despite the content of that document, the complaint asserts that Brown attempted to return the remainder of Johnson's legal documents to him during this conversation. (Id. at 16). Johnson refused to take the documents after observing "how small the case was now that it was finally being returned." (Id.) The correctional officer called a captain, who purportedly stated that Johnson had a "direct order" to take the documents and to then file a grievance if he was dissatisfied with how many documents had been returned. (Id.) Johnson accepted the documents because he did not want to be cited for misconduct or transferred to the restricted housing unit. (Id.) The complaint asserts that Johnson filed numerous grievances and associated appeals in an attempt to recover his legal documents. (See id. at 13-22).

The complaint asserts claims for retaliation, denial of access to the courts, and violation of Johnson's right to due process arising from the confiscation of his legal documents. (See id. at 23-24). Johnson seeks damages and declaratory relief. (See id. at 25).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A.[1] The court is required to identify

---

[1] 28 U.S.C. § 1915A provides:

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

## III. Discussion

Johnson brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Johnson's complaint asserts retaliation, access to courts, and due process claims arising out of the confiscation of his legal documents while he was incarcerated in SCI-Camp Hill. Claims that a defendant has retaliated against a

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

4

plaintiff in violation of the First Amendment require proof that: (1) the plaintiff engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing.  Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).  Causation may also be implied by "the record as a whole." Id. (citing DeFlaminis, 480 F.3d at 267).

Assuming, *arguendo*, that Johnson has adequately alleged that he engaged in protected conduct and that defendants took retaliatory actions against him, the court will dismiss his retaliation claim because he has plainly failed to allege a causal connection between the two.  There are simply no allegations of any motive that defendants would have to retaliate against plaintiff.  The retaliation claim is based on nothing more than Johnson's speculation that prison officials must have been retaliating against him.  (See, e.g., Doc. 3 at 21 (noting that one of Johnson's grievances stated, "The envelope was not a part of what I received.  Which points to the fact that this Mail Room is a part of whatever retaliation is going on.")).  The retaliation claim will be dismissed based on this failure to allege causation.

Turning to the access to courts claim, prima facie claims of denial of access to courts require allegations that (1) prison officials impeded the plaintiff's access to

5

courts and (2) the plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022).

Johnson's complaint fails to state a claim for violation of his right of access to courts because he fails to allege that he suffered any actual injury. He asserts that the confiscated affidavit from Gordy was "part of [his] freedom," but he does not allege what the contents of this affidavit were or how it could be used to exonerate him in his underlying criminal case. (See Doc. 3 at 13). Moreover, it appears from the four corners of the complaint that Johnson was unsure whether the affidavit would help him in his criminal case. (See id. (noting that Johnson "did not know if he could place that the three (3) page affidavit was exonerating him as there are other Affidavits that has [sic] come forward.")). Finally, the complaint notes that Johnson attempted to obtain a new affidavit from Gordy after the affidavit was confiscated, but it does not indicate whether the new affidavit was ever obtained. (See id.) Hence, because it is not clear from the complaint that the confiscation of the Gordy affidavit affected Johnson's underlying criminal case in any way, and Johnson does not allege any other facts from which an injury to his access to the courts may be inferred, the court will dismiss the access to courts claim.

Finally, due process claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. See Hudson v. Palmer, 468 U.S. 517, 533-34 (1984). The Third Circuit has held that the DOC's grievance process generally provides an adequate post-deprivation remedy for the deprivation of property. See Pressley v. Johnson, 268 F. App'x 181, 183 (3d

Cir. 2008) (nonprecedential); Jordan v. Horn, 165 F. App'x 979, 981 (3d Cir. 2006) (nonprecedential).² Johnson's complaint alleges in conclusory fashion that the deprivation of his legal documents violated his right to due process, but he does not allege any facts as to how the grievance process was an inadequate post-deprivation process to contest the deprivation. (See Doc. 3 at 24). It appears from the four corners of the complaint that Johnson was given extensive opportunities to contest the deprivation through the grievance process and that filing grievances led to most of his legal documents being returned to him. (See id. at 13-22).

The complaint likewise fails to state a due process claim to the extent it alleges that the handling of Johnson's grievances and associated appeals violated due process. Prisoners do not have a constitutional right to a grievance process. See, e.g., Harris v. Wetzel, 822 F. App'x 128, 130 (3d Cir. 2020) (nonprecedential); Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015) (nonprecedential); Davis v. Samuels, 608 F. App'x 46, 49 (3d Cir. 2015) (nonprecedential).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cnty., 515 F.3d 224, 245 (3d Cir. 2008). We will grant Johnson leave to file an amended complaint because his claims are factually, rather than legally, deficient.

---

² The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

**IV.     Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A.  Johnson will be granted leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 30, 2024