UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEM JOHNSON,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:24-890 |
| v. | : | (JUDGE MANNION) |
| **BOOSE,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to dismiss plaintiff's amended complaint. For the reasons set forth below, the motion will be granted in part and denied in part and the case will proceed as to plaintiff's retaliation, access to courts, and due process claims against defendants Boose and Baptist.[1]

**I.  BACKGROUND**

Plaintiff, Raheem Johnson, filed this case in the United States District Court for the Eastern District of Pennsylvania. Johnson originally raised two sets of distinct legal claims, one focused on civil rights violations arising out

---

[1] This defendant was identified as "Baptiste" in plaintiff's original complaint and the previous opinion in the case. Defendants have since stated that the correct spelling of his name is "Baptist," and plaintiff has used this spelling in his amended complaint. The court will accordingly refer to him as "Baptist."

of the alleged mishandling of his diet during his incarceration at SCI-Chester, the other on the alleged confiscation of some of his legal documents during his incarceration at SCI-Camp Hill. (Doc. 3). The Eastern District severed the SCI-Camp Hill claims from the other claims and transferred them to this district on May 22, 2024. (Docs. 1-2). Upon being transferred, the claims were initially assigned to United States District Judge Christopher C. Conner.

On August 30, 2024, Judge Conner dismissed the complaint for failure to state a claim pursuant to a screening review under 28 U.S.C. § 1915A and granted Johnson leave to file an amended complaint. (Docs. 11-12). Johnson filed an amended complaint on September 24, 2025, which the court received and docketed on October 2, 2024. (Doc. 13). Judge Conner directed service of process on the defendants on October 8, 2024. (Doc. 14).

According to the amended complaint, Johnson was an inmate in SCI-Chester in 2023, when he was transferred to SCI-Camp Hill from March 21, 2023, to March 23, 2023, so that he could be taken to a civil trial in another case before Judge Conner. (Doc. 13 at 2). Unhappy with his treatment at SCI-Camp Hill, Johnson purportedly informed counsel for the defendants in the other case that he would be willing to settle the case before trial if they could arrange to have him transferred back to SCI-Chester within 24 hours.

2

(*Id.* at 2-3). Defendants agreed, Johnson was transferred back to SCI-Chester, and the parties settled the case. (*Id.* at 3).

After agreeing to the settlement, Johnson was transported back to SCI-Camp Hill before his transfer back to SCI-Chester. (*Id.* at 4). Defendant Boose, a correctional officer in Sci-Camp Hill, allegedly overheard Johnson telling someone he had settled the case. (*Id.*) Boose allegedly said to Johnson, "You like suing the Department of Corrections." (*Id.*) Johnson allegedly responded, "I only sue when my rights are being violated." (*Id.*) Boose then purportedly told him, "You['re] at Camp Hill, you have no rights here." (*Id.*) Johnson stated that he understood, which purportedly made Boose "upset." (*Id.*) Boose then allegedly stated, "In fact, I am confiscating your legal mail, you won't be able to sue anyone else for some time." (*Id.*)

Johnson filed a grievance about the confiscation of his legal documents. (*Id.* at 4). Defendant Baptist, who responded to the grievance, allegedly falsified documents indicating that the legal documents were confiscated solely to test for the presence of contraband, allegedly falsified test results indicating that the documents had tested positive for the presence of drugs, and allegedly lied in the grievance response by indicating that Johnson had received a confiscated items receipt and had subsequently received all of the documents that had not contained drugs. (*Id.* at 4-5).

3

Johnson allegedly filed an appeal of Baptist's denial of his grievance to defendant Gourley, the facility manager. (*Id.*) Johnson asked Gourley to review security camera footage, which would allegedly prove that Baptist had provided false information. (*Id.* at 5). After Gourley denied the appeal, Johnson filed another appeal. (*Id.*) Defendant Heist denied the appeal. (*Id.*)

The amended complaint alleges that one of the documents that defendant Boose confiscated from Johnson was an affidavit from Christopher Amin Gordy that was relevant to Johnson's criminal homicide case because it purportedly contained a statement from Amin Gordy that he saw an individual other than Johnson commit the homicide. (*Id.* at 6-7). Boose alleges that the affidavit is "irreplaceable" and that the only way he could "recover [it] is through the DA office in which [he] doesn't have access to." (*Id.*) Johnson asserts that his counsel in his criminal case has requested discovery "to no avail." (*Id.*) The amended complaint also asserts that there are "other documents" he lost that make it impossible to "move forward" with his criminal case. (*Id.*) The statement from Amin Gordy was allegedly similar to a statement made by another witness, "Mrs. Hacket." (*Id.* at 7).

After his documents were confiscated, Johnson's counsel in his criminal proceeding purportedly contacted SCI-Chester and SCI-Camp Hill to try to get the documents. (*Id.*) Officials at the prison purportedly did not

respond. (*Id.*) The amended complaint asserts that Johnson does not have a second copy of Amin Gordy's affidavit and cannot obtain a new affidavit from Amin Gordy because Amin Gordy is now deceased. (*Id.* at 8). The amended complaint further asserts that defendant Boose confiscated discovery materials regarding two other pending civil cases. (*Id.*)

The amended complaint alleges that defendants Boose and Baptist violated Johnson's civil rights and that defendants Heist and Gourley failed to stop it after receiving letters and grievances. (*Id.* at 8-10). The amended complaint also asserts that Gourley failed to ensure that adequate policies were in place for the proper handling of inmate legal materials. (*Id.* at 10). Defendant Davis, a mailroom supervisor at SCI-Chester, purportedly improperly accepted Johnson's legal material that had been mailed from SCI-Camp Hill. (*Id.* at 10-11). Johnson filed grievances and appeals about Davis's actions at SCI-Chester, but they were denied. (*Id.* at 11).

The amended complaint asserts federal constitutional claims for: (1) retaliation by Boose in violation of the First Amendment; (2) denial of access to the courts by all defendants in violation of the First Amendment; (3) violation of Boose's right to due process under the Fifth and Fourteenth Amendments by all defendants; and (4) cruel and unusual punishment in violation of the Eighth Amendment. (*See id.* at 12-16). The amended

complaint also purports to advance claims for violation of federal statutes, the Pennsylvania constitution, and other Pennsylvania laws but does not explain the basis of these claims. (*See id.* at 16-17).

Defendants filed the instant motion to dismiss on December 9, 2024. (Doc. 18). Johnson initially failed to oppose the motion. The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

On January 31, 2025, defendants moved to dismiss the case for Johnson's failure to prosecute based on his failure to oppose the motion to dismiss for failure to state a claim. (Doc. 20). Johnson subsequently filed a document in which he represented that he had not been served with the brief in support of the motion to dismiss for failure to state a claim. (Doc. 21). The court accordingly denied the motion to dismiss for failure to prosecute and ordered defendants to re-serve Johnson with the brief in support of the motion to dismiss for failure to state a claim. (Doc. 22). Johnson then filed a brief in opposition to the motion to dismiss for failure to state a claim on July 22, 2025. (Doc. 25). Johnson concedes to dismissal of his Eighth Amendment cruel and unusual punishment claim and his claims against defendant Davis but opposes the motion in all other respects. (*Id.* at 13-15).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual

7

elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

#### A.  Motion to Dismiss

Johnson's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by

a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.* A defendant's after-the-fact review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Because Johnson concedes to the dismissal of his cruel and unusual punishment claim and his claims against Davis, (*see* Doc. 25 at 13-15), these claims will be dismissed. The court will also dismiss Johnson's claimed

violations of federal statutes and Pennsylvania law because Johnson has not explained the factual basis of these claims in his amended complaint. (*See* Doc. 13 at 16-17). the court's analysis thus proceeds as to Johnson's retaliation, access to courts, and due process claims against all defendants other than Davis.

The court will dismiss Johnson's claims against all defendants other than Boose and Baptist for failure to allege personal involvement. Johnson has not alleged that the other defendants directly violated his civil rights, ordered others to do so, or acquiesced in the alleged civil rights violations. Rather, he appears to have sued them solely based on their supervisory roles in the prison and because they responded to his grievances and associated appeals. This is not sufficient to allege personal involvement.[2] *See Rode*, 845 F.2d at 1207; *Dooley*, 957 F.3d at 374.

The court will deny the motion to dismiss, however, with respect to Johnson's retaliation claim against defendant Boose[3] and his access to courts and due process claims against defendants Boose and Baptist. With

---

[2] Johnson also alleges that defendants declined to make or enforce sufficient policies to prevent the alleged civil rights violations. (*See* Doc. 13 at 10, 16). These allegations are conclusory in nature and do not state a claim upon which relief may be granted.

[3] Johnson does not assert a retaliation claim against defendant Baptist.

10

respect to the retaliation claim, Johnson must allege (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Causation may also be implied by "the record as a whole." *Id.* (citing *DeFlaminis*, 480 F.3d at 267).

Here, Johnson alleges that he engaged in protected activity by litigating his previous case before Judge Conner and that Boose retaliated against him for doing so by confiscating his legal documents. (Doc. 13 at 4). Defendants argue that there is insufficient evidence of a retaliatory motive or causation for the retaliation claim to proceed, (*see* Doc. 19 at 14), but the amended complaint alleges that Boose told Johnson that he was confiscating the legal documents because of Johnson filing lawsuits against the DOC and to stop him from filing future suits, (*see* Doc. 13 at 3). This

allegation—which must be accepted as true at this stage of litigation—is a sufficient allegation of motivation and causation to survive defendants' motion to dismiss.

The access to courts claim will similarly proceed. Access to courts claims require allegations that (1) prison officials impeded the plaintiff's access to courts and (2) the plaintiff suffered actual injury in his ability to access the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Rivera v. Monko*, 37 F.4th 909, 915 (2022). Here, Johnson alleges that defendant Boose confiscated an affidavit from Amin Gordy that could have potentially constituted exculpatory evidence in his criminal case. (*See* Doc. 13 at 4-7). It is also alleged that Baptist falsified documents to allow the confiscation to continue. (*Id.* at 4-5). These allegations are sufficient to allege that defendants impeded Johnson's access to the courts and that he suffered an actual injury.

Defendants argue to the contrary that Johnson has not alleged an actual injury because Johnson admits that he could obtain the information through the district attorney's office and that his criminal counsel was working to obtain such information. (Doc. 19 at 15). Defendants also note that the "same evidence was available to him through a separate third-party witness—Mrs. Hacket." (*Id.*)

These arguments are unavailing. First, although defendants are correct that Johnson's amended complaint states that the "only way" he can "recover these documents is through the DA office in which plaintiff doesn't have access to," (*see* Doc. 13 at 6), the court does not construe this as an affirmative statement that the district attorney has a copy of Amin Gordy's affidavit. Rather, the court liberally construes this statement as speculation that the district attorney's office *might* have a copy of the affidavit. This statement, combined with the allegations that the district attorney'ss office has been intransigent in Johnson's efforts to obtain discovery material, (*see* Doc. 13 at 6), is sufficient to allege an actual injury to Johnson's access to the courts. Second, the complaint alleges that Amin Gordy's affidavit was similar to Mrs. Hacket's statement, but a statement from another witness that corroborates another witness's account would likely help Johnson's case. Thus, defendants are incorrect that the statement's similarity to Hacket's statement shows that Johnson has not suffered an actual injury.

Finally, for Johnson to state a claim for violation of his right to procedural due process,[4] he must allege "(1) that the defendant was acting

---

[4] Johnson's due process claim is properly analyzed under the Fourteenth Amendment because he is suing state, rather than federal, officials. To the extent he asserts violation of his due process rights under the Fifth Amendment, these claims are dismissed.

13

under color of state law; (2) that the defendant deprived him of a property interest; and (3) the state procedures for challenging the deprivation did not satisfy the requirements of procedural due process." *Halchak v. Dorrance Twp. Bd. of Supervisors*, 646 F. Supp. 3d 571, 593 (M.D. Pa. 2022) (citing *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991)).

Due process claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). The DOC's grievance process generally provides an adequate post-deprivation remedy for the deprivation of property. *See, e.g.*, *Pressley v. Johnson*, 268 F. App'x 181, 183 (3d Cir. 2008); *Jordan v. Horn*, 165 F. App'x 979, 981 (3d Cir. 2006).

Here, Johnson has adequately alleged a violation of his right to due process. He alleges that Boose confiscated his legal documents, and that the DOC's grievance process was not an adequate post-deprivation remedy because in responding to the grievance Baptist purportedly falsified documents and other factual information to provide a pretext for the documents having been confiscated. These allegations, which must be accepted as true at this stage, are sufficient to state a due process claim.

14

### B. Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will deny leave to amend the dismissed claims as futile. Johnson has had multiple opportunities to state a claim upon which relief may be granted for these claims and has failed to do so.

### IV. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss in part and deny it in part, dismiss Johnson's Eighth Amendment claim and his claims against all defendants other than Boose and Baptist with prejudice, and allow the case to proceed as to his retaliation, access to courts, and due process claims against Boose and Baptist. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated: August 19, 2025**
24-890-01